# Richmond

D. Kenneth Jobe and Others v. Nathaniel A. Jobe and Others.

March 12, 1951.

Record No. 3761.

Present, Hudgins, C. J., and Eggleston, Spratley, Buchanan and Miller, JJ.

The opinion states the case.

*George M. Warren,* for the appellants.

*Stuart Carter* and *Floyd H. Roberts,* for the appellees.

Hudgins, C. J., delivered the opinion of the court.

E. D. Jobe, by his will dated October 20, 1944, and duly admitted to probate in County Justice's Court in and for Dade county, Florida, devised and bequeathed all of his property, valued at more than $200,000, to his eight brothers and sisters, and to his nephews and nieces upon certain conditions.

Two brothers, E. Frederick Jobe, of Forrest City, North Carolina, and Nathaniel A. Jobe, of St. Paul, Virginia, were named as executors, and each was given one-eighth of the entire estate after payment of funeral expenses, debts, inheritance taxes, costs of administration, etc. The executors were directed to deliver the other six-eighths of the estate to the Dominion National Bank, of Bristol, Virgina, to be held in trust for the benefit of named legatees. The two brothers, Nathaniel A. Jobe and E. Frederick Jobe, were authorized to act with the bank as co-trustees of the trust estate.

The testator provided that the trust should continue until the death of the last survivor of the following named brothers and sisters: D. Kenneth Jobe, Eugene Jobe, Robert L. Jobe, Aineta Jobe Taylor, Elva Jobe Minor, and Pearl Jobe Smith. The right of Pearl Jobe Smith, one of the sisters, to receive an equal share of the income was conditioned upon the severance of the marriage ties binding her and her then husband, O. L. Smith. This condition is stated in paragraph "FOURTH (c)" in the following language: "The income from the trust estate shall be distributed by said bank, as trustee, as follows: Should my sister, Pearl Jobe Smith, become widowed from her present husband by permanent divorce or otherwise, she shall receive an equal share of the income along with those next named; but she shall receive no part of my estate, income or corpus, so long as she is his wife, and this includes any remarriage to him following any form of divorce. My intention is to prevent the possibility of her present husband sharing directly or indirectly in any part of my estate. Otherwise, the income shall be distributed equally among my following brothers and sisters, and nephews: D. Kenneth Jobe, Eugene Jobe, Robert L. Jobe, Aineta Jobe Taylor, Elva Jobe Minor, and Dudley Jobe, my nephew and namesake."

The testator died on September 7, 1945. Pearl Jobe Smith obtained an absolute divorce from her husband, O. L. Smith, on April 24, 1947. In the decree of divorce Mrs. Smith was authorized to resume the surname (Goss) of her first husband.

The validity of the condition requiring Pearl Jobe Smith

to sever her marriage ties before the gift to her became effective is not challenged, and nothing said herein shall be construed to be determinative of such question.

The only question raised by the pleadings is the *status of Pearl Jobe Smith and Dudley Jobe,* the nephew, as distributees of the income from the trust estate.

The trial court held that Dudley Jobe was entitled to receive 1/6 of the income from the date of the testator's death to the date Pearl Jobe Smith obtained her divorce, and that after that day, to-wit: April 24, 1947, the total income from the trust should be divided into seven equal parts, 1/7 payable to each of the named five brothers and sisters, and 1/7 each to Pearl Jobe Smith and Dudley Jobe.

The will is susceptible of the above construction only if consideration of it is confined to paragraph "FOURTH (c)." However, such construction is contrary to the general intent of the testator, gathered from the following pertinent paragraphs of the will:

"FOURTH: (b) The Trust here created shall continue until the death of the last survivor among my following brothers and sisters, namely: D. Kenneth Jobe, Eugene Jobe, Robert L. Jobe, Aineta Jobe Taylor, Elva Jobe Minor, and Pearl Jobe Smith. Upon the death of the last survivor among those named, this trust shall cease and determine, subject to paragraphs (g) and Fifth.

          \*      \*.      \*      \*      \*      \*

" (d) Upon the death of each of my following named brothers and sisters, D. Kenneth Jobe, Eugene Jobe, Robert L. Jobe, Neta Jobe Taylor, Elva Jobe Minor and Pearl Jobe Smith, the trustee will distribute a one-sixth of the corpus of my then remaining estate to the child or children of the first one to die, the child or children of any deceased child to take such child's part; and thereafter a one-fifth, one-fourth, one-third, and one-half of the remaining trust estate to the children of the others named in like manner as they pass away, and the children of the last one to die shall take the remainder of this trust estate in like manner, provided No. (g) hereof shall have been complied with. However, so long as my sister, Mrs. Smith, lives, a one-sixth of the corpus originally taken over by the Bank, shall be kept intact to provide for her should she qualify as a beneficiary hereunder; and upon her death, should she not be the last to survive, this part shall

become a part of the general corpus.

"(e) In the event of an extreme emergency due to illness, should the trustees deem it necessary for the best interest of any beneficiary of this trust to do so, the trustees are authorized to expend from the corpus (the co-trustees or co-trustee consenting thereto) a sum not to exceed one-six of all assets held, for the relief of the beneficiary or beneficiaries of such one-sixth interest in need of such relief. This provision applies to Mrs. Smith regardless of her marital status.

"(f) In the event any of my six brothers or sisters named above need funds in order to provide a college education for any of their children, or their grandchildren, except as to Nathaniel A. Jobe, Jr., and Jackie Eugene Greer, then I hereby direct my trustee to expend such funds as may be necessary in this connection, not to exceed such brothers or sisters' one-sixth part of the corpus of the entire trust fund for the college education of such child or children.

*   *   *   *   *   *

"(h) In connection with the administration of the trust here created, said Bank, as trustee, joined by my brothers, E. Frederick Jobe and Nathaniel A. Jobe, or the survivor, so long as both or either lives, and any successor co-trustee shall have authority to invest and re-invest the trust funds, and full and complete discretionary power in this connection with one exception; namely, I do not want my stock in St. Paul Bottling Company, Inc., sold at any time during the existence of this trust unless it is sold to either E. Frederick Jobe or Nathaniel A. Jobe, or both of them, or given to them in connection with a distribution of their shares in my estate. No purchaser shall in any event in any manner look to the application of the purchase money.

"FIFTH: Upon the death of the last survivor among my six brothers and sisters named above, provided No. Fourth (g) shall have been complied with, otherwise upon compliance therewith following such death, the trust hereby created shall cease and determine; and should the last brother or sister to survive leave no child or children, then the funds remaining in the hands of the trustee shall pass to the heirs at law and distributees of such last survivor in accordance with Virginia laws of descent and distribution, except in the event Pearl Smith should be the last to survive, upon compliance with (g) above, the remainder estate shall pass to the living children, per *capita,* of my following

seven brothers and sisters, namely: D. Kenneth Jobe, Eugene Jobe, Robert L. Jobe, Aineta Taylor, Elva Jobe Minor, Nathaniel A. Jobe, and E. Frederick Jobe.''

Considering these paragraphs with paragraph ''FOURTH (c),'' it clearly appears that the general intent of the testator was to divide the income from the trust estate into six equal parts, one part for each of the five named brothers and sisters, and the other part for the sister, Pearl Jobe Smith, on condition that the marriage ties binding her to her then husband be severed.

One of the cardinal rules governing construction of wills is that the intention of the testator must be gathered from the entire will, and all of its provisions considered together rather than from any particular form of words or language employed in a single sentence, clause or phrase. *White* v. *White,* 183 Va. 239, 31 S. E. (2d) 558.

This rule is stated more fully in *Covenhaven* v. *Shuler,* 2 Paige (N. Y.) 122, 130, 21 Am. Dec. 73, and quoted by Judge Whittle in *Waters* v. *Trefouret,* 117 Va. 186, 190, 83 S. E. 1078, as follows: ''The great and leading principle in the construction of wills is that the intention of the testator, if not inconsistent with the rules of law, shall govern, and that intent must be ascertained from the whole will taken together; and no part thereof to which meaning and operation can be given consistent with the general intention of the testator shall be rejected. When the words of one part of a will are capable of a twofold construction, that should be adopted which is most consistent with the intention of the testator as ascertained by other provisions in the will; and when the intention of the testator is incorrectly expressed, the court will effectuate it by supplying the proper words. The strict grammatical sense is not always regarded, but the words of the will may be transposed to make a limitation sensible, or to carry into effect the general intent.''

A study of the entire will reveals that it was the general plan and purpose of the testator to divide all of his estate into as many parts as he had brothers and sisters. Two of these one-eighth parts, or two-eighths of the whole, were given absolutely and in fee to two of his brothers, Nathaniel A. Jobe and E. Frederick Jobe. The remaining part, referred to by the testator as six-eighths, was converted into a trust estate, with directions to the trustees to distribute the income therefrom equally among the other six brothers and sisters so long as they

lived. The gift of one-sixth part of the income bequeathed to each of five of the six brothers and sisters became effective immediately on the death of the testator. The gift of one-sixth part of the income to Pearl Jobe Smith was to become effective only in the event that the marriage ties binding her and her then husband, O. L. Smith, were severed.

The testator provided that as each of the six brothers and sisters (except Pearl Jobe Smith) died, a certain part of the corpus of the trust should pass to the issue of such deceased brother or sister. However, the provision for Pearl Jobe Smith was limited to a life estate, and upon her death, if she were not the last to survive, the one-sixth part bequeathed to her was to be held by the trustees as a part of the general corpus. In the event that she was the last of the six brothers and sisters to die, the remaining trust estate would pass to the living children of the other seven brothers and sisters.

This general plan or purpose of the testator permeates the entire will. The following provisions authorizing the trustees, upon the happening of certain events, to expend a part of the corpus of the trust, does not alter or change the general scheme adopted by the testator for the disposition of his property:

(1) Paragraph ''FOURTH (e)'' authorizes the trustees ''upon an extreme emergency due to illness * * * to expend from the corpus * * * a sum not to exceed one-sixth of all assets held, for the relief of the beneficiary, or beneficiaries of such one-sixth interest in need of such relief. This provision applies to Mrs. Smith regardless of her marital status.''

(2) Paragraph ''FOURTH (f)'' directs the trustees to expend from the corpus of the trust estate such sums as ''any of my six brothers or sisters * * * need * * * in order to provide a college education for any of their children, or their grandchildren,'' but such expenditure shall ''not * * * exceed such brothers or sister's one-sixth part of the corpus of the entire trust fund. * * *'' Two of the nephews, Nathaniel A. Jobe, Jr., and Jackie Eugene Greer, are denied any benefits under this paragraph because specific provisions are made for them in paragraph ''FOURTH (g).''

(3) Paragraph ''FOURTH (g)'' directs the trustees to expend from the corpus of the estate, $1,000 a year for eight years, for the education of Nathaniel A. Jobe, Jr., and $1,000 a year for eight years, for the education of Jackie Eugene Greer, pro-

vided they attend an accredited university or college and complete their education before attaining the age of 32 years. It also provides that in the event the nephews qualify under this provision, no part of the sum or sums expended for their benefit shall "be deducted from the interest of Kenneth Jobe (one of the brothers) unless he should be the last of the said seven brothers and sisters to survive, and this provision shall not have been there(to)fore complied with." If the trustees should be required to expend any part of the corpus under this provision of the will, the interest of each of the six brothers and sisters (except Kenneth Jobe) would be reduced in the same proportion.

The general scheme, as outlined, adopted by the testator for the disposition of his property, must be kept in mind in construing the language used by him in paragraph "FOURTH (c)."

It is clear that the testator's intention, gathered from the four corners of the will, was that Pearl Jobe Smith should not have any part of his property so long as she remained the wife of O. L. Smith, except in case of extreme emergency, due to illness, as heretofore stated. It is equally clear that the testator's intention was that Pearl Lobe Smith should have a one-sixth part of the income from the trust estate if her marriage ties were severed.

The only language which is susceptible of any other construction is found in paragraph "FOURTH (c)." In the first part of this paragraph the testator clearly states that if Mrs. Smith fulfills the condition imposed "she shall receive an equal share of the income along with those next named." Unfortunately, the testator did not complete this sentence, or immediately add another sentence naming the beneficiaries he intended to include in the use of the words "those next named." He did add "but she shall receive no part of my estate, income or corpus, so long as she is his (Smith's) wife. * * * My intention is to prevent the possibility of her present husband sharing directly or indirectly in any part of my estate." The testator seems to have had doubt as to whether the marriage ties between Mr. and Mrs. Smith would be severed, and, in order to provide for this contingency, he began the next sentence with the word "Otherwise," which (according to Webster's New International (unabridged) Dictionary, Sec. Ed., p. 1729) means "In a different manner; in another way, or in other ways." The testator, in effect, said if Mrs. Smith did not sever

the marital ties he would make a different dispostion of his property,—that is, dispose of it in a different manner. He stated in the will "Otherwise (that is, if Mrs. Smith does not fulfill the condition imposed, then) "the income shall be distributed equally among my following brothers and sisters, and nephews: D. Kenneth Jobe, Eugene Jobe, Robert L. Jobe, Aineta Jobe Taylor, Elva Jobe Minor, and Dudley Jobe, my nephew and namesake."

It will be noted that the testator repeats the names of the five brothers and sisters and as a substitute for Mrs. Smith, names his nephew, Dudley Jobe.

The name of this nephew does not appear in any other sentence or paragraph in the will. The testator refers to his sister, Pearl Jobe Smith, in four other paragraphs, and each time he refers to her as a beneficiary along with his other five brothers and sisters. In paragraph "FOURTH (d)," it is stated: "However, so long as my sister Mrs. Smith lives, a one-sixth of the corpus originally taken over by the Bank, shall be kept intact to provide for her should she qualify as a beneficiary hereunder; and upon her death, should she not be the last to survive, this part shall become a part of the general corpus."

There is nothing in the will, when considered as a whole, that would support the conclusion that the testator intended to divide his trust estate, either the corpus or the income, into more than six parts—one-sixth part to be paid to Dudley Jobe or Pearl Jobe Smith. Which of the two would take was contingent upon the happening of the event stated in the will.

Whether the condition imposed upon Mrs. Smith be valid or invalid, her marriage ties were severed on April 24, 1947, a little more than a year after the death of the testator, and more than one year before any part of the estate or income was delivered to the trustees. Under these circumstances, she is entitled to share equally with the other five brothers and sisters in the distribution of the income. Dudley Jobe is not entitled to receive any part of the income, since he was merely named as a substitute for Pearl Jobe Smith to share in the distribution of the income in the event Mrs. Smith did not qualify as a beneficiary.

The decree of the trial court is reversed and the case remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*